IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NEAL CHARLES MORNINGSTAR and W. SUE MORNINGSTAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05-150-CV-W-SOW |
| UNIVERSAL MORTGAGE CO. and S & P PROPERTIES, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Third-Party Defendant. | ) | |

ORDER

Before the Court are Third-Party Defendant The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #17), defendant Universal Mortgage Co.'s Suggestions in Opposition, and the United States' Reply. For the reasons stated below, the motion is granted.

I. Background

On November 8, 2001, Neal Morningstar ("Morningstar") was recalled to active duty in the United States Navy. He remained on active duty until December of 2004. In late 2001, Morningstar's wife, Sue Morningstar, provided defendant Universal Mortgage Co. ("Universal"), which held the mortgage on the Morningstars' home in Kansas City, Missouri, with a copy of the Navy's order recalling Morningstar to active duty. Certain information on the order had been blacked out in accordance with Navy requirements. Throughout 2002, Sue Morningstar repeatedly informed representatives of Universal that Morningstar remained on active duty.

On or about October 3, 2002, Universal sent the United States Department of Defense Manpower Data Center ("DMDC") a form requesting designation of the military status of Morningstar. The form included Morningstar's name and social security number and had boxes for indicating "not in mil" or "in mil" and for indicating the service branch. A DMDC employee checked the box indicating "not in mil" and returned the form to Universal. The United States claims that the source of the error that caused this mistaken classification is unknown.

Universal informed Sue Morningstar that the government had been unable to confirm that her husband was on active duty. She responded that her husband was on active duty and that if the government records indicated otherwise, then they were incorrect. There is a dispute between Universal and the government as to whether Universal made a follow-up inquiry to DMDC.

On November 14, 2002, Universal proceeded with a foreclosure sale of the Morningstar home. It was purchased by defendant S & P Properties, Inc. ("S&P").

On July 22, 2004, the Morningstars filed a "Petition to Set Aside Foreclosure Sale" in the Circuit Court of Clay County, Missouri, against Universal and S & P on the ground that the foreclosure sale was prohibited by the Soldiers and Sailors Relief Act, 50 U.S.C. §§501 et seq. S & P filed a crossclaim against Universal seeking the return of the $64,000 foreclosure purchase price that S & P had paid Universal, plus interest and costs, if the plaintiffs prevailed in setting aside the foreclosure sale. Universal responded by asserting a "crossclaim" against DMDC, alleging that any damages incurred by the plaintiffs were proximately caused by the misinformation provided to Universal by DMDC.

The Circuit Court of Clay County issued an Interlocutory Order on December 30, 2004, voiding the foreclosure sale and requiring Universal to return the purchase price to S & P. The

case was removed to this Court and the United States was substituted as a defendant for DMDC. Subsequently, the Morningstars have dismissed their action.

The United States moves for dismissal of Universal's claim against it.

## II. Standard

An action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) if subject matter jurisdiction is successfully challenged on the face of the Complaint or on the facts. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

## III. Discussion

The United States and its agencies are immune from suit absent an express and unequivocal waiver of sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941); Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S. Ct. 687, 690 (1999). All waivers of sovereign immunity must be strictly construed in favor of the government. Blue Fox, 525 U.S. at 261. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b) and 28 U.S.C. pt. 171 (§§ 2671-2680) is a limited waiver of sovereign immunity for tort claims. The limitations on the waiver include the exemptions set forth in 28 U.S.C. §2680. Where an exemption applies to a claim, the Court is without subject matter jurisdiction. Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998).

28 U.S.C. §2680(h) exempts from the FTCA's waiver of sovereign immunity any claim arising out of a misrepresentation. United States v. Neustadt, 366 U.S. 696, 701-02, 81 S. Ct. 1294, 1298 (1961); Block v. Neal, 460 U.S. 289, 296-7, 103 S. Ct. 1089, 1093-4 (1983). Section 2680(h) excludes liability for both negligent and willful misrepresentations. Neustadt, 366 U.S. at 702. The misrepresentation exemption applies whenever "the claim of causation from the

3

alleged negligence to the alleged injury depends upon the transmission of misinformation by a government agent." Commercail Union Ins. Co. v. U.S., 928 F. 2d 176, 179 (5th Cir. 1991).

Universal attempts to characterize the United States' alleged negligence as negligence "in maintaining its records," instead of negligence in communicating information. Even if there was a chain of causation from the alleged negligence to the alleged injury, Universal's claim depends upon the transmission of misinformation about Morningstar's military status. Therefore, the bar of §2680(h) applies and Universal's claim against the United States must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court is without subject matter jurisdiction.

IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that Third-Party Defendant The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #17) is granted and the United States is dismissed as a party to this action.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 7, 2006

4